## UNITED STATES v. SIXTY–TWO PARCELS OF LAND IN NEW CASTLE COUNTY et al.

District Court, D. Delaware.
Jan. 27, 1938.

John J. Morris, Jr., U. S. Atty., of Wilmington, Del., for petitioner.

James R. Morford (of Marvel, Morford, Ward & Logan) of Wilmington, Del., for landowners.

NIELDS, District Judge.

Motion for the allowance of interest on the verdict of the jury 'in condemnation proceedings.

June 20, 1935, the United States filed its petition for condemnation of 62 parcels of land for the enlargement of the Chesapeake & Delaware Canal. On the same day it was ordered that, upon the payment of $250,000 into the registry of the court by the United States, it be "authorized to take immediate possession of the lands involved" and to proceed with the public work thereon. July 29, 1935, this sum was paid into the registry of this court. Thereupon, the United States gave notice to the owners that it had assumed possession of the lands.

At the September term, 1937, of this court the United States prosecuted this condemnation proceeding before a jury of twelve men impaneled from the jurors in attendance at that term. The hearings occupied the court and jury for several weeks. In charging the jury, the court said: "As to each parcel taken by the United States your award should be for a lump sum including therein interest at 6% from the time of taking."

The United States had possession of the land from the date of taking until the day of the verdict of the jury and thereafter. For the damages suffered by the owner during that period the owner is entitled to just compensation. The 6 per cent. interest contained in the instruction of the court was not to be awarded qua interest for default or delay in paying the value of the land at the time of the taking, .but qua damages for dispossessing the owner during that period of time. The verdict therefore is the total damage suffered by the owner for the taking by the United States to the date of the verdict.

The question raised by this motion is the right of the owner to interest on the verdict from the date of the verdict until it is paid. This raises a pure question of interest against the United States. Interest, qua interest, was not involved in the verdict of the jury. Shall the rule forbidding interest against the United States prevail? Or does the constitutional provision, Const.Amend. 5, requiring just compensation require the payment of interest on the verdict? Theoretically, compensation should be allowed until the date of payment. However, we are dealing with the government of the United States and the regulations surrounding payments from the public treasury. Until verdict rendered, the exact amount that the treasury shall pay is unknown. If the verdict of the jury impaneled in this case had been for a lump sum "with interest until paid," it would

541

have lacked the certainty required for a verdict. The statutes permit three months within which to appeal from a verdict. 28 U.S.C.A. § 350. Until that time has elapsed or an appeal has been expressly waived, the government cannot safely make payment. As a practical matter payment cannot be contemporaneous with verdict. By the verdict the compensation due the owner has been reduced to a fixed sum. Any further demand is merely for interest, qua interest, which is forbidden under the authorities.

Motion is denied.